UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MERASTAR INSURANCE COMPANY,

Plaintiff,

-vs-    Case No. 6:05-cv-183-Orl-28JGG

AGNES B. MARSH, MORRIS R. MARSH,
AIMEE ADELE WHITLOCK, WILLIAM
EUGENE WHITLOCK, IV,
HADJILOGIOU PROPERTIES, INC., d/b/a
Remax/Olympic Realty, McCLUSKEY
REALTY, INC.,

Defendants.
_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| MOTION: | MOTION TO DISMISS (Docket No. 31) |
|---|---|
| FILED: | May 11, 2005 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

I.    Background

The instant action involves a dispute over homeowner's insurance coverage. In April of 2004, Defendants Agnes B. Marsh and Morris R. Marsh [the "Marshes"] sold their house in Indian Harbor Beach to Defendants Aimee Adele Whitlock and William Eugene Whitlock IV [the "Whitlocks"]. At the time of the sale, Plaintiff Merastar Insurance Company ["Merastar"] held the Marshes'

homeowners' policy. In September 2004, the Whitlocks filed suit in state court in Brevard County, claiming the house had a serious, longstanding termite problem. Their complaint sought damages from the Marshes for fraudulent non-disclosure of the termite problem and for breach of contractual warranties.[1] Docket No. 1, Exh. 2. On October 25, 2004, the Marshes sent a letter to Merastar, tendering defense of the action and seeking indemnification. Docket No. 31 at 2. On December 1, 2004, Merastar denied coverage. Docket No. 31 at. 2. On February 2, 2005, Merastar filed the instant suit, seeking a declaratory judgment that it was not obligated to defend or indemnify the Marshes. Docket 1.

The Whitlocks now move to move to dismiss this suit on the grounds that Merastar has engaged in "procedural fencing," that all of the issues raised in this suit may be satisfactorily addressed in the state court suit, and that a dismissal will preclude duplicative litigation.

## II.   Law

The Declaratory Judgments Act, 28 U.S.C. § 2201 *et seq.*, provides in pertinent part that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). Since its inception, the Declaratory Judgments Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995).

---

[1] The Whitlocks also sued the Marshes' real estate broker, Hadjilogiou Properties, Inc., and their own broker, McCluskey Realty, Inc. — both of which are also defendants in the instant suit — alleging that the brokers knew of should have known of the termite problem.

In exercising its discretion in a Declaratory Judgment Act case with a parallel state proceeding, the district court should ascertain whether the questions in controversy between the parties to the federal suit can better be settled in the state court proceeding. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942). The district court's discretion in deciding whether to grant or deny declaratory relief ought to be exercised liberally in favor of granting such relief to accomplish the purposes of the Declaratory Judgment Act. *Cincinnati Ins. Co. v. Holbrook*, 867 F.2d 1330, 1333 (11th Cir. 1989), *abrogated on other grounds*, *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). Ordinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. *Brillhart* at 495. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided. *Id.*

### III. Application

The Marshes provide no support for their allegations of "procedural fencing" by Merastar. The Marshes notified Merastar in October 2004 that they expected Merastar to defend and indemnify them under the terms of the homeowners policy. Merastar did not file this suit until February of 2005 — two months after notifying the Marshes that it was denying coverage, and more than three months after first learning of the Marshes' claim. Although the Marshes indicate that they intend to file a third-party declaratory action in state court for breach of contract, Docket No. 31 at 4, they have not done so — and, more importantly, they had not done so five months ago when Merastar instituted these proceedings. There is no indication that Merastar misled the Marshes into delaying filing suit in state court or otherwise improperly engaged in a "race to the federal courthouse".

Similarly, the Marshes offer no persuasive support for their contention that their coverage dispute with Merastar is more properly addressed by a state court. It is no more inconvenient for the Marshes' counsel to travel to Orlando than it would be for Merastar's counsel to travel to Brevard County. There is no public interest in having this insurance contract construed by a state court rather than a federal one. And the Marshes' argument that this action ought to be dismissed so that Merastar can be added as a party to the state suit, along with an exterminator and a repair company, thereby serving judicial economy, makes no sense whatsoever.

Finally, the Marshes contend that there are factual determinations which would necessarily need to be made in both this case and the state court case, and that dismissal of this suit would therefore avoid duplicative litigation. According to the Marshes, this court will need to determine whether they intended to cause damages to the Whitlocks, whether the Whitlocks' damages occurred during the policy period, and whether the damage occurred to the Marshes' property or the Whitlocks' property. However, as Merastar points out, its duty to defend is governed by the allegations in the complaint rather than the factual determinations resulting from those allegations. *Auto Owners Ins. Co. v. Travelers Cas. & Surety Co.*, 227 F.Supp.2d 1248, 1258 (M.D.Fla. 2002). Moreover, in the absence of a claim against Merastar, it is not obvious that the state court will need to determine whether any damage occurred during the policy period or whether it occurred to the Marshes' property or the Whitlocks'. In any event, it appears that any duplication between this action and the state court action would be minimal.

In sum, the Marshes have failed to show that Merastar did anything improper in filing this suit or that the issues in this suit could be better addressed in the state court proceeding. Dismissal of this suit is unlikely to avoid duplicative litigation, and the Marshes have not shown that continuation of

-4-

this suit will interfere with the comprehensive disposition of the state court suit. In consideration of the foregoing, it is

**RECOMMENDED** that the Marshes' Motion to Dismiss [Docket No. 31] be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 22, 2005.

_____
James G. Glazebrook
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy